UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-cr-20287-Rosenberg

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DIEGO DE LA CRUZ,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I.   Background

The Defendant, DIEGO DE LA CRUZ, appeared before the Court on August 23, 2023, for a status conference re: final hearing on the Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 311]. At the hearing, the Government represented that, since Defendant had entered a guilty plea to the lesser included offense of possession of cocaine in state court (rather than to the cocaine trafficking charge with which Defendant was originally charged in state court), the Government wished to amend the Petition by interlineation. Subsequently, Defendant and his counsel advised the Court that Defendant agreed to the amendment of the Petition in open court and wished to admit to the supervised release violation pending against him, as amended by interlineation. The Court therefore engaged in a colloquy with Defendant to ensure that his admission was knowing and voluntary.

Defendant was originally convicted in the Southern District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.

§ 846, a Class A felony; attempting to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, a Class A felony; two counts of conspiracy to affect commerce by means of robbery, in violation of 18 U.S.C. § 1951(a), a Class C felony; conspiracy to use and possess a firearm in furtherance of a crime of violence and a drug trafficking offense, in violation of 18 U.S.C. § 924(o), a Class C felony; and carrying a firearm in furtherance of a crime of violence and a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), a Class A felony. On January 26, 2009, the Honorable Alan S. Gold, United States District Judge, sentenced Defendant to 192 months of imprisonment followed by five years of supervised release with certain special conditions. Defendant's term of supervised release commenced on February 16, 2022.

Defendant is charged in the Petition [DE 311] with violating a mandatory condition of his supervised release condition by failing to refrain from violation of the law. According to the Petition, on or about February 27, 2023, in Miami-Dade County, Florida, Defendant committed the offense of cocaine trafficking 28 grams >/< 150 kg, contrary to Florida Statute 893.135(1)(B)1. However, as stated above, as agreed by the parties, the Government amended the Petition via interlineation in open court on August 23, 2023. It is now alleged that Defendant's supervised release violation shall read that, on or about February 27, 2023, in Miami-Dade County, Florida, Defendant committed the offense of possession of cocaine, contrary to Florida Statute 893.136(a). Defendant admitted this revised violation.

## II. Summary of Hearing

At the August 23, 2023 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance.

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violation alleged against him, his right to contest the allegation, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing (five years in prison followed by a lifetime term of supervised release less any time served in prison), Defendant waived his right to a contested revocation hearing and admitted to the allegation in the Petition, as amended. The Court finds that Defendant made his waiver and admission knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admission to the allegation in the Petition, as amended, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed the allegation as alleged in the Petition, as amended.

### III.   Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L. Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as alleged in the sole violation in the Petition, as amended by interlineation. The Court further recommends that Judge Rosenberg schedule a sentencing hearing on the sole violation alleged, as amended.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 23rd day of August, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge